IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILFRED ALEXANDER PAGE,

    Plaintiff,

vs.                                                                                                              No. CIV 19-0925 JB\JFR

ALBUQUERQUE POLICE DEPARTMENT,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Plaintiff's Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship, filed October 21, 2019 (Doc. 6)("Amended Complaint"). Plaintiff Wilfred Alexander Page appears pro se. For the reasons set out below, the Court will dismiss this case without prejudice for failure to state a claim upon which relief can be granted.

## PROCEDURAL BACKGROUND

Page filed a Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship, filed October 1, 2019 (Doc. 1)("Complaint"), alleging:

> While being Placed under arrest and while screaming for help and yelling Police Brutality and having my mount open one or the Police officers (female) While I was screaming for help said Owe Wilfred don't bite me don't bite me then as my mouth was open and I was screaming for help she forced her arm into my mouth in which my natural reaction was to bite down .... while in arraignment my lawyer asked about the lapel videos from one of the two officers present in which they both stated they could not recover nor did they have. The other officer (male) stated that he was fearful that a phantom lighter was going to light his arm on fire in which I did not have as the

Complaint ¶ III, at 4 (capitalization and spelling in original). The Honorable John F. Robbenhaar, United States Magistrate Judge for the District of New Mexico, explained to Page that he:

fails to state a claim against Defendant Albuquerque Police Department because it is not a separate suable entity. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010)(*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)(holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

Order Granting Application to Proceed In Forma Pauperis and Granting Leave to File an Amended Complaint, filed October 10, 2019 (Doc.5)("Magistrate Judge's Order").

Page filed his Amended Complaint, which appears to be identical to his original Complaint with the following two exceptions: (i) The list of Defendants in the original Complaint lists the Albuquerque Police Department twice, while the Amended Complaint lists the Albuquerque Police Department only once; and (ii) the statement of the relief that Page seeks in the original Complaint includes a request for a "class action lawsuit," while the statement of the relief Plaintiff seeks in the Amended Complaint does not request a class action lawsuit. Compare Complaint at 2; id. ¶ IV, at 4 with Amended Complaint at 2; id. ¶ IV, at 4.

## **LAW REGARDING PRO SE LITIGANTS**

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the Petitioner] could prevail, it should do so despite [his or her] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. "[P]ro se status does not excuse the obligation of any litigant

to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)("Twombly"). A district court should not dismiss a pro se complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6). While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" Curley v. Perry, 246 F.3d at 1282 (quoting Hall v. Bellmon, 935 F.3d at 1110).

## ANALYSIS

Having carefully reviewed the Amended Complaint and the relevant law, the Court will dismiss this case for failure to state a claim upon which relief can be granted. The Amended Complaint does not state a claim upon which relief can be granted, because the only Defendant named in the Amended Complaint is the Albuquerque Police Department, which is not a suable entity under § 1983. See Magistrate Judge's Order at 3 ("Generally, governmental sub-units are not separate suable entities that may be sued under § 1983.")(quoting Hinton v. Dennis, 362 F. App'x. 904, 907 (10th Cir. 2010)(unpublished)(citing Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity)).

**IT IS ORDERED** that: (i) this case is dismissed without prejudice; and (ii) Final Judgment will be entered.

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎_____
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎UNITED STATES DISTRICT JUDGE

*Parties*:

Wilfred Alexander Page
Albuquerque, New Mexico

‎ ‎ ‎ ‎ *Plaintiff pro se*